## Fox *ad'x.* vs. Cutts.

A promissory note, given to a third person by the defendant as surety for the plaintiff, and taken up by the defendant, with the creditor's receipt of payment from the defendant thereon, being duly filed in the clerk's office by way of set-off, *is* of itself sufficiently explicit as a demand for monies paid, within the meaning of *Stat.* 1821, *ch.* 59, *sec.* 19.

Where one of two principal debtors in a joint promissory note is dead, and the money has been paid by a surety, he may file it in offset against a demand in favor of the estate of the deceased against him, by the operation of *Stat.* 1821, *ch.* 52, *sec.* 25 ;—and this though the estate has been represented insolvent.

This was an action of *assumpsit* on a promissory note for $53 34, given *Aug.* 15, 1827 by the defendant to *Samuel Fox,* the plaintiff's intestate.

It appeared, in a case stated by the parties; that the defendant, on the 15th day of *May* 1827, became surety for *Fox* and one *Randall,* in a joint and several promissory note for fifty dollars, given by them to *Smith & Mellen ;* which the defendant, at its matu-

rity, had been obliged to pay. *Fox's* estate was represented insolvent; and *Randall* had become insolvent, though still living. This note, with the receipt of payment at the bottom by *Smith & Mellen*, from the defendant, he filed in the clerk's office by way of set-off in this action; and the clerk certified on the back of the envelope that it was so filed. The balance of debt, with the costs of suit, were duly tendered.

Upon these facts the case was submitted to the decision of the court, the parties agreeing that judgment should be entered by nonsuit or default, according to its opinion.

*E. Shepley*, for the plaintiff, objected to the form of the set-off claimed; that it was not a note of hand given by the plaintiff to the defendant, as the statute contemplates; nor did it purport to be a transcript of a book account, or claim for monies paid; nor was it in terms sufficiently explicit to give the plaintiff distinctly to understand what he was to come prepared to meet.

But if in form it were sufficient, it could not be allowed; because it is not a contract between the parties to this suit; but is a joint claim against the plaintiff and another;—nor can a suit be sustained upon it against the plaintiff, the estate she represents being insolvent. The ground of set-off is to prevent the multiplicity of suits; and where the claim is not one on which an action against the plaintiff can be founded, there can be no set-off. 5 *Dane's Abr. ch.* 168. *art.* 1. *sec.* 6. 7.

*D. Goodenow*, for the defendant, cited *Stat.* 1821, *ch.* 52, *sec.* 25; *Lyman v. Estes*, 1 *Greenl.* 182; *Sewall v. Sparrow*, 16 *Mass.* 24; *Moody v. Towle*, 5 *Greenl.* 415; *McDonald v. Webster*, 2 *Mass.* 498.

WESTON J. delivered the opinion of the Court.

The act for regulating judicial process and proceedings, *Stat.* 1821, *ch.* 59, *sec.* 19, has prescribed no form for filing an account in offset. By the paper filed in the case before us, it is sufficiently apparent that the defendant had paid money for the plaintiff's intestate. The privity between the parties, and the occasion and circumstances under which it was paid, also appear. As it was seasonably

31

filed in the clerk's office, after this action was instituted, it is impossible to mistake its object and design. It is to be regarded as an account for monies paid ; which is an offset authorized by the statute.

But it is objected that it cannot be allowed in the present case ; because the claim which the defendant had to be reimbursed the money he had paid as surety, was against the plaintiff's intestate and another jointly, who were principals on the note. And it is undoubtedly true that if one pay money as surety for several principals, the promise of indemnity implied by law is joint. 1 *Chitty on pleading*, 28. It is equally true that a joint account against the plaintiff and others, cannot be filed in offset, under the statute, against the several demand of the plaintiff; although the court in its discretion may offset judgments, where the creditor in the one is one of several joint debtors in the other. If therefore the plaintiff's intestate was now alive and prosecuting this action, the defendant's account could not be allowed under the statute. But since his decease, the implied promise to the defendant arising from his payment, has by operation of law become several, as well as joint. *Stat.* 1821, *ch.* 52, *sec.* 25. Prior to the statute last cited, upon the decease of one of several joint promissors, the common law afforded a remedy only against the survivor or survivors. The defendant, having now under the statute a several demand against the estate of the deceased, it is a fair matter of offset against the claim of the estate against him. If, by reason of the insolvency, the defendant could maintain no action at common law against the estate of the deceased, except where it is allowed by statute in the nature of an appeal from the decision of the commissioners of insolvency ; yet when an action is brought against him, he is entitled to be allowed his offset, by way of defence. *Plaintiff nonsuit.*